UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVIS HAMLIN,

    Plaintiff,

v.

CLYDE ROBINSON and SHEILA ROBINSON and their marital community; and JOHN EDWARD MAXWELL,

    Defendants.

CASE NO. C05-1765C

ORDER

    Plaintiff has filed a Complaint (Dkt. No. 1) alleging multiple federal and state causes of action against Defs. Clyde and Sheila Robinson and their attorney John Edward Maxwell.

    As to the federal causes of action, Plaintiff claims federal question jurisdiction under [28] U.S.C. § 1331 and discusses alleged violations of 42 U.S.C. §§ 1983 and 1985; the Supremacy Clause in Article VI of the United States Constitution; and the First, Ninth and Fourteenth Amendments to the United States Constitution.

    To state a claim under § 1983, Plaintiff must establish (1) that she was "deprived of a right secured by the Constitution or laws of the United States" and (2) that "the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

ORDER – 1

The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct no matter how discriminatory or wrongful.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)) (additional internal quotations omitted).  Regardless of the rights Plaintiff is seeking to protect under the first element of § 1983, she fails the second element because she alleges no state action on the part of Defendants.

As to the rights violations Plaintiff claims, she also fails to allege the government action that is required to state these claims.  Procedural and substantive due process claims under the Fourteenth Amendment require state action.  *Am. Mfrs. Mut. Ins. Co.* 526 U.S. at 50.  Likewise, First Amendment claims require infringement on protected rights by the federal or state government.  *See Pub. Utils. Comm'n of District of Columbia v. Pollak*, 343 U.S. 451, 461 (1952) (The First Amendment applies to and restricts the federal government, but not private parties.); *see also Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (noting incorporation of the First Amendment into the Fourteenth in the context of § 1983 litigation); *United Bhd. of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825, 831 (1983) (Claims under the First Amendment, applied to states through operation of the Fourteenth Amendment, require state action.).  Plaintiff has not alleged that Defendants are state or federal actors, and without such allegations she may not sue Defendants for First or Fourteenth Amendment violations.

Further, the Ninth Amendment "'has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation.'" *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (quoting *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991)).  The Ninth Amendment "'is *not* a source of rights . . . it is simply a rule about how to read the Constitution.'"  *Id.* (quoting LAURENCE H. TRIBE, AMERICAN CONSTITUTIONAL LAW 776 n.14 (2d ed. 1988) (emphasis in original)).  Plaintiff has failed to state a Ninth Amendment claim because it alone is not a source of actionable rights.

Nor is the Supremacy Clause in Article VI of the Constitution an independent source of rights.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 613 (1979).  Rather, it "'secure[s]' federal

ORDER – 2

rights by according them priority whenever they come into conflict with state law." *Id.* Plaintiff has not discussed anything close to a preemption claim in her Complaint.

Thus, Plaintiff's Complaint does not properly state any § 1983 or Constitutional claims.

Plaintiff does not specify which subsection of § 1985 she is invoking. Subection (1) involves interfering with officers' performance of duties, and subsection (2) involves obstruction of justice. Plaintiff's Complaint is insufficient to allege a cause under either of these subsections. Because she discusses Defendants' alleged deprivation of her property, the Court looks to subsection (3) as a possible source of a valid claim. To state a claim under § 1985(3), Plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd.* 463 U.S. at 828–29 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Unlike § 1983, § 1985 does reach private conduct. *Griffin*, 403 U.S. at 101. However, the second element of a § 1985(3) claim, as defined above, requires that there be some racial or class-based "invidiously discriminatory animus behind the conspirators' action." *Id.* at 102. Plaintiff has failed to allege the requisite animus to state a claim under § 1985(3). Moreover, even if she had met the "animus" element, Plaintiff has not presented sufficient facts that show that an agreement was made for the purpose of depriving her of rights based on her membership in a class. Plaintiff thus fails the "conspiracy" element as well.

As to the causes of action arising under state law, 28 U.S.C. § 1367 provides for exercise of the jurisdiction of the federal courts over state law claims that arise from the same set of facts as the federal claims. Having stated no valid federal claims, Plaintiff's attempt to make pendent state law claims for negligence, gross negligence, legal malpractice, fraud, conversion—or any other common law cause of action—fails. Further, 28 U.S.C. § 1332 allows the adjudication of claims in federal court that sound in state law, but only if the specific provisions of that section are met regarding diversity of citizenship and

ORDER – 3

1  amount in controversy.  Plaintiff has not alleged sufficient facts to satisfy diversity jurisdiction over her
2  state law claims.  Accordingly, Plaintiff has failed to allege any state law claims over which this Court has
3  jurisdiction.
4        Finally, Plaintiff states that she brings the instant action "in this United States District Bankruptcy
5  Court of Seattle, [WA] against the Defendants, Clyde and Sheila Robinson . . . and John E[.] Maxwell . .
6  . to determine the dischargeability of debtor's bankruptcy case and any property liens and violation of
7  civil and common law rights."  (Compl. 1.)  Plaintiff claims a "hybrid litigation of bankruptcy c05-20149
8  KAO and a civil rights lawsuit."  (*Id.*)  Indeed, Plaintiff currently has an active bankruptcy filing in the
9  United States Bankruptcy Court for the Western District of Washington (C05-20149KAO) that was
10 commenced August 9, 2005.  However, the instant Complaint was filed in the United States *District*
11 Court, not the Bankruptcy Court.  Any bankruptcy matters are properly before the Bankruptcy Court in
12 C05-20149KAO rather than this Court.  Thus, to the extent Plaintiff seeks to duplicate her ongoing case
13 in Bankruptcy Court, she has failed to state a claim in the District Court for the Western District of
14 Washington.  Nor has Plaintiff presented an appeal from a judgment of the Bankruptcy Court over which
15 this Court has jurisdiction.
16       Plaintiff is ordered to show cause within thirty (30) days of the date of this Order why this action
17 should not be dismissed for failure to state a claim for which relief can be granted.
18       SO ORDERED this 27th day of October, 2005.

                                                              John C. Coughenour
                                                              United States District Judge

ORDER – 4