UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVIS HAMLIN,

        Plaintiff,

   v.

CLYDE ROBINSON and SHEILA ROBINSON and their marital community; and JOHN EDWARD MAXWELL,

        Defendants.

CASE NO. C05-1765C

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

    This matter comes before the Court on Plaintiff's November 28, 2005 motion (Dkt. No. 4) for an extension of time to respond to this Court's show cause order, leave to amend her Complaint, and permission to transfer these proceedings to bankruptcy court.

    Plaintiff filed her Complaint in this Court on October 20, 2005, alleging multiple federal and state causes of action against Defendants. Then on October 27, 2005, this Court entered an Order to Show Cause why that Complaint should not be dismissed for failure to state a claim for which relief can be granted. (Dkt. No. 2.) Now Plaintiff seeks additional time to respond to the show cause order and seeks

ORDER – 1

to have this matter transferred to the bankruptcy court, presumably because the matters in this case are adequately related to the bankruptcy proceeding.

As of the date of this Order, Plaintiff has failed to state a claim that can be heard in this federal Court, but is hereby GRANTED an EXTENSION to respond to this Court's show cause order. Plaintiff's original show cause deadline was thirty (30) days from October 27, 2005. Plaintiff may have another month to respond. Therefore, Plaintiff is ORDERED to show cause by January 3, 2006 why this action should not be dismissed for failure to state a claim for which relief can be granted.

As to Plaintiff's request for leave to amend her Complaint, Plaintiff may submit an Amended Complaint with her response to the show cause order.

Finally, Plaintiff requests leave "to move the action to bankruptcy court." Plaintiff needs no such permission from this Court. Rather, Plaintiff may opt to utilize the removal procedure provided for in Federal Rule of Bankruptcy Procedure 9027 by filing a notice of removal with the Clerk of this District Court and taking the other steps required by the Federal Rules of Bankruptcy Procedure and by the Local Bankruptcy Rules for the Western District of Washington, including Local Bankruptcy Rule 9027-1, which, among other things, requires an additional notice of removal to be filed with the Clerk of the Bankruptcy Court. Plaintiff is reminded that if this matter remains in this District Court and is not removed by Plaintiff before her January 3, 2006 show cause response deadline, the dismissal issue will be ripe for review by this Court on that date and the entire action may be dismissed for failure to state a claim for which relief can be granted if Plaintiff does not satisfactorily respond to the show cause order in lieu of removal.

DATED this 1st day of December, 2005.

BRUCE RIFKIN, Clerk of Court

By  /s/ C. Ledesma
    Deputy Clerk

ORDER – 2